UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – PETITIONER'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION (Dkt. 5, filed on February 24, 2026)

### I. INTRODUCTION

On February 24, 2026, Bauyrzhan Sydykov ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief against the Kristi Noem, Pamela Bondi, Todd Lyons, Jaime Rios, Fereti Semaia, the U.S. Department of Homeland Security ("DHS"), the Executive Office of Immigration Review ("EOIR"), and the U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Respondents").[1] Dkt. 1 ("Pet."). Petitioner requests that the Court order Petitioner's immediate release from custody and enjoin Respondents from re-detaining Petitioner and removing him to a third country in a manner that would violate his constitutional rights. See Pet. at 23-24.

The same day, Petitioner filed the instant *ex parte* application for a temporary restraining order and a preliminary injunction. Dkt. 5 ("App.").

---

[1] Kristi Noem is the Secretary of the DHS; Pamela Bondi is the Attorney General of the United States; Todd Lyons is the Acting Director of ICE; Jaime Rios is the Los Angeles Field Office Director of ICE; Fereti Semaia is the Warden of the Adelanto Detention Facility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

On February 24, 2026, the Court enjoined Respondents from relocating Petitioner outside the Central District of California until further order of Court. Dkt. 6. On February 26, 2026, Respondents filed an opposition to Petitioner's *ex parte* application for a TRO. Dkt. 8 ("Opp."). On February 27, Petitioner filed a reply. Dkt. 9 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

Petitioner alleges the following facts in his petition, and Respondents do not contest Petitioner's allegations. See generally Opp.

Petitioner is a 37-year-old immigrant who arrived in the United States from Kazakhstan on July 22, 2016. Pet. at 6. He lawfully entered the U.S. on a visa in order to be a liver donor to his mother, who was living in the U.S. at the time. Id. at 6-7.

On April 11, 2019, DHS detained Petitioner and commenced removal proceedings against him. Id. at 7. During his removal proceedings, he was detained in a detention facility in or near Arlington, Virginia. Id..

On July 29, 2019, an immigration court granted Petitioner "withholding of removal" to Kazakhstan, finding that Petitioner faced a risk of persecution or torture there. Id.. After receiving withholding of removal, Petitioner remained detained for approximately six additional months while DHS attempted to remove him to a third country. Id.

DHS was unable to do so, and on February 12, 2020, Petitioner was released by ICE on an order of supervision ("OSUP"). Id. Since being released by ICE on an OSUP in February 2020, Petitioner has complied with all of his supervisory terms, conditions, and scheduled check-ins. Id. Prior to his re-detention, he resided in Irvine, California, where he was working at an import/wholesale business and had developed a community of friends and support. Id.

Since being released by ICE on an OSUP in February 2020, Petitioner checked in with ICE annually, as instructed. Id. On January 14, 2026, Petitioner attended his annual check-in at the ICE Santa Ana Field Office. Id. This time, he was told to come back in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

two weeks—on January 28, 2026. Id. at 7-8. At that appointment, Petitioner was told again to come back in two weeks. Id.

On February 11, 2026, when Petitioner came for this check-in, he was detained. Id. at 8. When Petitioner asked the ICE officer why he was being detained, she responded that it was because he had an order of removal. Id. Petitioner was given several papers, including one entitled, "Notice of Revocation of Release." Id. This paper informed Petitioner that he was being detained in order to enforce the removal order against him. Id. At the time, he did not understand the notice and did not want to sign it without discussing with a lawyer. Id. Petitioner was also given a paper entitled, "Alien Informal Interview." Id. The ICE officer told Petitioner that he could write down anything he wanted regarding his detention, and Petitioner wrote that he had never violated any rules of supervision and had not been involved in any criminal activities. Id. At no point since his re-detention has anyone told Petitioner why he was detained on that specific date and time or what country the government intends to remove him to. Id.

Petitioner currently remains in Respondents' custody at the Adelanto Detention Facility. Id. at 2.

### III.  LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010).  Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue.  C.D. Cal. L.R. 65-1.

## IV. DISCUSSION

The Court finds that the *ex parte* nature of Petitioner's request for relief is appropriate because Petitioner alleges irreparable injury by unlawful detention.  See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

### A. Jurisdiction

Respondents argue that pursuant to 8 U.S.C. § 1252(g), this Court lacks "jurisdiction to contest the government's decision to detain Petitioner pending his removal pursuant to a final removal order."  Opp. at 2.

The Court disagrees.  Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

Section 1252(g) prohibits claims based on the exercise of "prosecutorial discretion," Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 487 (1999), but it is not within the "discretion" of the government to exceed the scope of its authority or otherwise violate the law. See Ibarra-Perez v. United States, 154 F.4th 989, 997 (9th Cir. 2025) ("§ 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders."). Although "discretionary decisions are shielded from review," Petitioner here "objects to the lack of process afforded him" regarding his detention and anticipated removal to a third country, not to "ICE's discretionary authority about 'when' to remove him or 'whether' to remove him." See id. at 999; Jennings v. Rodriguez, 583 U.S. 281 (2018) ("We did not interpret [section 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves.") (citing Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999)).

Thus, the Court concludes that it has jurisdiction, pursuant to 28 U.S.C. § 2241, to review Petitioner's claims that his federal detention is unlawful. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

The Court also has jurisdiction to review Petitioner's claims to enjoin his removal to a third country. Ibarra-Perez v. United States, 154 F.4th 989, 997 (9th Cir. 2025) (holding that claim based on third-country removal without notice "raise[d] purely legal arguments in challenging [the] removal," including whether the plaintiff "had a right to meaningful notice and an opportunity to present a fear-based claim," and thus that the action was not barred by section 1252(g)).

    **B.**    **Petitioner is Likely to Succeed on the Merits as to his Unlawful Detention Claims**

Petitioner argues that his re-detention violates his due process rights under the Fifth Amendment and is unlawful under 8 U.S.C. § 1231 and Zadvydas v. Davis, 533 U.S. 678 (2001). App. at 14-19. Petitioner also argues that his detention violates due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

process because Respondents violated their own regulations governing the revocation of Petitioner's OSUP. Id. at 27-33.

        1.        Substantive Due Process

Respondents concede that "Petitioner has been held past the presumptively reasonable six-month period" under Zadvydas. Opp. at 3. However, Respondents argue that Petitioner's "TRO Application should be denied because it fails to show that there is no significant likelihood of removal in the reasonably foreseeable future, as required by Zadvydas." Opp. at 4. They argue that a "habeas petitioner's assertion as to the unforeseeability of removal, supported only by the mere passage of time, [is] insufficient to meet the petitioner's burden to demonstrate no significant likelihood of removal under the Supreme Court's holding in Zadvydas." Id. at 4 (quoting *Muthalib v. Kelly*, No. 16-02186-KS, 2017 WL 11696616, at *3 (C.D. Cal. Apr. 19, 2017)).

The Court finds that Petitioner is likely to succeed on the merits of his substantive due process claim challenging his detention. The Supreme Court has held that a person who has lawfully entered the United States and is subject to a final order of removal cannot be detained indefinitely under 8 U.S.C. § 1231(a)(6). Zadvydas, 533 U.S. at 682. After the entry of a final order of removal, there is a 90-day statutory period during which detention is mandatory. Id. at 683 (citing 8 U.S.C. § 1231(a)(2)). Subsequently, the government "may" detain or release the noncitizen under section 1231(a)(6), with certain regulations providing for periodic reviews to determine whether further detention or release is warranted. See id. Importantly, the Supreme Court read section 1231(a)(6) to implicitly limit a noncitizen's post-removal-detention to "a period reasonably necessary to bring about that [noncitizen's] removal from the United States" and not to permit "indefinite detention." Id. at 689. The Supreme Court also established a presumption that following the issuance of a final removal order, it is "presumptively reasonable" for the Government to detain a noncitizen for six months while the Government works to remove that person from the United States. Id. at 682. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701.

Numerous courts interpreting Zadvydas have held that "the six-month period does not reset when the government detains a[ ] [noncitizen] ..., releases him from detention, and then re-detains him again." Sied v. Nielsen, No. 17-CV-06785-LB, 2018 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

1876907, at *6 (N.D. Cal. Apr. 19, 2018) (citing cases); see also Siguenza v. Moniz, No. 25-CV-11914-ADB, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the Zadvydas period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.") (collecting cases across circuits); Abubaka v. Bondi, No. 25-cv-1889, 2025 WL 3204369, at *3 (W.D. Wash. Nov. 17, 2025) ("[W]here a petitioner has been detained and released by ICE multiple times after a final order of removal, 'the clock' on Zadvydas's six-month period of presumptive reasonability does not re-start with each successive detention."). The Court is persuaded by these courts' interpretation of the Zadvydas six-month presumption as applied to petitioners who are re-detained pursuant to a final order of removal.

Here, the parties do not dispute that Petitioner has cumulatively been detained for over six months after the issuance of his final removal order and while DHS has attempted to remove him from the country.² Because Petitioner has been cumulatively detained for over six months since he was ordered removed, it is not presumptively reasonable for the government to detain Petitioner, and if Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701.

The Court finds that Petitioner has demonstrated that there is no significant likelihood that he will be removed in the reasonably foreseeable future, and the government has failed to rebut that showing. On July 29, 2019, the Immigration Judge ordered Petitioner removed to Kazakhstan; however, the Immigration Judge also granted Petitioner's application of withholding of removal under the Convention Against Tortue ("CAT"). Dkt. 5-3. Respondents have provided no evidence that circumstances have changed such that Petitioner's withholding of removal to Kazakhstan warrants reconsideration. See generally Opp. Thus, there is no significant likelihood that he will be removed in the reasonably foreseeable future to Kazakhstan.

---

² Petitioner was detained on April 11, 2019, and ordered removed on July 29, 2019. App. at 10; Dkt. 5-3 (Order of the Immigration Judge). Petitioner was released from DHS custody on February 12, 2020, on an order of supervision. Dkt. 5-4 (OSUP). Petitioner was re-detained on February 11, 2026, where he remains in custody to this day. Pet. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

Petitioner has also demonstrated that there is no significant likelihood that he will be removed in the reasonably foreseeable future to a third country. Because Petitioner was released on an OSUP on February 12, 2020, dkt. 4-5, this reflects that Respondents then determined that there was no significant likelihood that Petitioner would be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(g)–(h); see also Zadvydas, 533 U.S. at 699-700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). Respondents have provided no evidence that circumstances have changed in the five-plus years since they made that initial determination; they have not provided evidence that they have obtained Petitioner's travel documents that would allow him to be removed to a third country. See generally Opp; Chun Yat Ma v. Asher, No. 11-cv-01797-MJP, 2012 WL 1432229, at *5 (W.D. Wash. Apr. 25, 2012) ("An undue delay in removal for an individual alien beyond the typical removal period would naturally suggest that removal is unlikely."). Accordingly, Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the government has failed to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701.

Under these facts, the Court finds that it is likely that Petitioner's current detention is unlawful under Zadvydas and that he is entitled to immediate release.

2. Procedural Due Process

Petitioner also argues that his re-detention violates his procedural due process rights under 8 C.F.R § 241.13(i), the federal regulation governing the revocation of release and re-detention of removable noncitizens. App. at 16. The Court agrees.

Under 8 C.F.R § 241.13(i), the government "may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R § 241.13(i); see also Kong v. United States, 62 F.4th 608, 619-20 (1st Cir. 2023) ("ICE's decision to re-detain a noncitizen … who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future."). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

phrase "on account of" means that the changed circumstances are "a *prerequisite* to revocation." Nguyen v. Charles, 2025 WL 3492117, at * 3 (E.D. Cal. Dec. 4, 2025) (emphasis added); see also Tran v. Noem, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025) ("§ 241.13(i)(2) requires that this determination is made *before* the removable [non-citizen] has had his release revoked.") (emphasis added). The phrase, "significant likelihood," "requires something more than a mere possibility." Tran v. Noem, 2025 WL 3268491, at *2 (E.D. Cal. Nov. 24, 2025).

As explained, Respondents have provided no evidence that, "on account of changed circumstances, . . . there is a significant likelihood that [Petitioner] may be removed in the reasonably foreseeable future." 8 C.F.R § 241.13(i). Therefore, Respondents' revocation of Petitioner's OSUP and re-detention of Petitioner likely violated their own regulation. An agency's failure to follow its own regulations that protect the interests of a party before the agency may be a due process violation. Sameena Inc. v. U.S. Air Force, 147 F.3d 1148, 1153 (9th Cir. 1998). "Numerous district courts, including courts in the Ninth Circuit, 'have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered.'" Constantinovici v. Bondi, No. 3:25-CV-02405-RBM-AHG, 2025 WL 2898985, at *6 (S.D. Cal. Oct. 10, 2025) (quoting Rokhfirooz v. Larose, Case No.: 25-cv-2053-RSH-VET, 2025 WL 2646165, at *4 (S.D. Cal. Sept. 15, 2025)) (collecting cases).

Under these facts, the Court finds that it is likely that Respondents' revocation of Petitioner's release violates procedural due process and that Petitioner is entitled to immediate release.

    **C.**    **Petitioner is Likely to Succeed on the Merits as to his Third Country Removal Due Process Claim**

Petitioner argues that he is likely to succeed on the merits of his due process challenge to his anticipated removal to a third country without adequate notice and an opportunity to be heard. App. at 19. Petitioner argues that on July 9, 2025, ICE's Acting Director Todd Lyons issued a policy "regarding the removal of aliens with final orders of removal . . . to countries other than those designated for removal in those removal orders

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

(third country removals)," and that this policy effectively approves the deportation of noncitizens to third countries without notice. Id. at 21-22 (quoting dkt. 5-7, Third Country Removals Following the Supreme Court's Order in Department of Homeland Security v. D.V.D., No. 24A1153 (U.S. June 23, 2025)) ("July 9, 2025 Third Country Removal Policy").

Respondents argue that Petitioner's request must be denied because "Petitioner assumes with no evidence presented or factual support that he would be removed unlawfully to an undesignated third country and without notice and an opportunity to be heard." Opp. at 6. Respondents contend that "[i]t is improper to prospectively enjoin the government to follow the law." Id. at 7 (citing cases).

The Court finds that Petitioner is likely to succeed on the merits of his challenge to Respondents' potential removal of Petitioner to a third country absent adequate procedural safeguards required by law. As an initial matter, Petitioner's potential removal to a third country, in accordance with the July 9, 2025 Third Country Removal Policy, is not speculative. Esmail v. Noem, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *5 (C.D. Cal. Sept. 26, 2025) ("The Court is satisfied that, as a noncitizen with a removal order—who is, therefore, inherently subject to the policies articulated in the [July 9, 2025 Third Country Removal Policy]—Petitioner has sufficiently 'demonstrated that he is realistically threatened by a repetition of the violation' at issue.") (quoting Melendres v. Arpaio, 695 F.3d 990, 997 (9th Cir. 2012)). Thus, to the extent that Respondents argue that Petitioner lacks standing to pursue this claim, the argument is without merit.

The Court further finds that the July 9, 2025 Third Country Removal Policy to which Petitioner is allegedly subject to likely violates due process. "Failing to notify individuals who are subject to deportation that they have the right to apply . . . for withholding of deportation to the country to which they will be deported violates . . . the constitutional right to due process." Andriasian v. I.N.S., 180 F.3d 1033, 1041 (9th Cir. 1999). "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

address his fear of persecution in that country." Najjar v. Lynch, 630 Fed. App'x 724 (9th Cir. 2016).

"Multiple courts have found [that the July 9, 2025 Third Country Removal Policy] violates due process and is contrary to Ninth Circuit precedent." Castillo v. Chestnut, No. 1:25-CV-01296-SAB-HC, 2026 WL 121652, at *8 (E.D. Cal. Jan. 16, 2026) (collecting cases). These courts concluded that "Petitioner should not be removed to a third country without meaningful notice and an opportunity to assert a fear-based claim." Id.; see also D.V.D. v. U.S. Dep't of Homeland Sec., No. CV 25-10676-BEM, 2026 WL 521557, at *44 (D. Mass. Feb. 25, 2026) (declaring that the July 9, 2025 Third Country Removal Policy is unlawful).

The Court finds the reasoning of these cases to be persuasive. Accordingly, the Court finds that Petitioner is likely to succeed on the merits of his claim that he has a due process right to receive meaningful notice and an opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country. See Juarez v. Noem, No. 5:26-CV-00014-MWC-KS, 2026 WL 127607, at *5 (C.D. Cal. Jan. 9, 2026) ("enjoin[ing] Respondents from removing Petitioner from this District for the pendency of these proceedings or thereafter removing him to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country.").

### D. Petitioner is Likely to Suffer Irreparable Harm

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023). Here, the Court finds that Petitioner "establishe[s] a likelihood of irreparable harm by virtue of the fact that [he is] likely to be unconstitutionally detained for an indeterminate period of time." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). Furthermore, the Court finds that Petitioner is likely to suffer irreparable harm if re-detained without due process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

The Court further finds that Petitioner is likely to suffer irreparable harm if DHS deports him to a third country before he is afforded his due process rights to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge. See Vaskanyan v. Janecka, No. 5:25-CV-01475-MRA-AS, 2025 WL 2014208, at *6 (C.D. Cal. June 25, 2025) ("Petitioner's removal to a third country without due process, however, *is* likely to result in irreparable harm at this time.") (emphasis in original).

### E. Balance of Equities and the Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). The government has a significant interest in the enforcement of its immigration laws. Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges his detention that is likely in violation of federal law and the Constitution; similarly, removing him to a third country prior to affording him meaningful notice and opportunity to raise a country-specific claim against removal would likely be a violation of due process. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

### F. Bond is Waived

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

1. Respondents shall effectuate Petitioner's immediate release from custody to the conditions of release that existed prior to his re-arrest;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:26-cv-00402-CAS-SK | Date | February 27, 2026 |
|---|---|---|---|
| Title | Bauyrzhan Sydykov v. Kristi Noem et al. | | |

2. Respondents shall not re-detain Petitioner absent compliance with constitutional protections and agency regulations;

3. Respondents are enjoined from removing or attempting to remove Petitioner to any third country unless they first provide him with meaningful notice followed by a meaningful opportunity to raise a fear-based claim before a neutral adjudicator.

4. Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case;

5. Petitioner shall not relocate outside of the Central District of California pending final resolution of this case; and

6. Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing. The parties' briefing on a preliminary injunction should address the extent to which the granting of this TRO renders the preliminary injunction request moot.

7. Respondents shall file a status report within two (2) days of this Order confirming their compliance with this Order.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |